**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NICHOLAS E. PURPURA,

    Plaintiff,

v.

GOVERNOR CHRIS CHRISTIE, et al.,

    Defendants.

Civil Action No. 15-3534 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on several motions. Pro se Plaintiff Nicholas E. Purpura ("Plaintiff") moves for default judgment against Defendants Governor Chris Christie, Senate President Steven M. Sweeney, Assembly Speaker Vincent Prieto, Attorney General John J. Hoffman, Joseph R. Fuentes, Judge Michael A. Donio, Judge Rudolph A. Filko, Judge Edward A. Jerejian, Judge Thomas V. Manaham, Judge Joseph W. Oxley, Judge Ronald Lee Reisner, Lorretta Weinberg, Senator Richard J. Codey, Annette Quijano, Peter J. Barnes, III, Reed Gusciora, Cleopatra G. Tucker, Gordon M. Johnson, Pamela R. Lampitt, John R. McKeon, Sean Kean, Robert Singer, Nia H. Gill, L. Grace Spencer, Shirley K. Turner, Patrick J. Diegnan, Mila M. Jasey, Tim Eustace, Gabriela M. Mosquera, Jason O'Donnell, Gary Schaer, Louis D. Greenwald, Charles Mainor, Valeria Vainieri Huttle, Herbert Conaway (collectively, the "State Defendants")[1]; Judge Leonard P. Stark (the "Federal Defendant"); and Judge Ruggero J. Aldisert

---

[1] Although Plaintiff did not name Defendant Bonnie Watson Coleman in his motion for entry of judgment by default, she also is a "State Defendant" named in the Complaint.


("Judge Aldisert").[2] (ECF No. 11.) The State Defendants and the Federal Defendant separately opposed the motion (ECF Nos. 13, 14), and Plaintiff replied (ECF Nos. 19, 20). Plaintiff also moves for summary judgment against Defendants Richard Cook and Achille Taglialatela (collectively, the "Municipal Defendants"). (ECF No. 17.) The Municipal Defendants opposed the motion (ECF No. 30), and Plaintiff replied (ECF No. 32).

The State Defendants move to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1), (5), and (6) of the Federal Rules of Civil Procedure (ECF No. 25), and the Municipal Defendants join in the motion (ECF No. 37). The Federal Defendant also moves to dismiss Plaintiff's Complaint pursuant to Rule 4(m) and Rule 12(b)(1), (2), (5), and (6) of the Federal Rules of Civil Procedure. (ECF No. 42.) Plaintiff filed opposition to both motions. (ECF Nos. 29, 43.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants the pending motions to dismiss for lack of jurisdiction.[3] Plaintiff's motions are denied as moot.

## I.   Background

Plaintiff, "a sovereign citizen," brought an action on behalf of himself and "people similarly situated in New Jersey that hold citizenship in [the] United States," challenging the

---

[2] Judge Aldisert passed away on December 28, 2014. (Decl. of Irene E. Dowdy ¶ 4, Ex. B, ECF No. 14-1.)

[3] Even though Judge Aldisert did not join in the motions to dismiss Plaintiff's Complaint, because the Court's reasoning applies broadly to all Defendants, the motions to dismiss are granted as to all Defendants. *See Eun Ju Song v. Bank of Am., N.A.*, No. 14-3204, 2015 WL 248436, at *3 (D.N.J. Jan. 20, 2015) ("[A] court dismissing claims against moving defendants may sua sponte dismiss claims against nonmoving defendants."); *see also Bonny v. Soc'y of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993) ("Court may grant motion to dismiss even as to nonmoving defendants where nonmoving defendants are in position similar to that of moving defendants or where claims against all defendants are integrally related.").

constitutionality of N.J.S.A. 2C:58-4, the statute that regulates the issuance of permits to carry handguns in public in New Jersey.[4] (Compl., ECF No. 1.) Plaintiff filed the Complaint against the politicians who enacted the law, state and federal judges who have upheld the law against previous constitutional challenges, and attorneys and police officials who have enforced the law.

Plaintiff alleges that Defendants are participants in either a "wheel" or "chain" conspiracy to violate the constitutional right of New Jersey citizens to a handgun carry permit. (*See generally* Compl.) Specifically, Plaintiff alleges that "enterprise" members engaged in numerous acts in furtherance of the conspiracy, including: (1) enactment of "Graves Act" amendments in 2008, 2013, and 2014 (*id.* ¶ 53); (2) the Third Circuit's alleged departure from established "legal practices" in *Drake v. Filko*, 724 F.3d 426 (3d Cir. 2013), a decision in which the Third Circuit found N.J.S.A. 2C:58-4 constitutional (Compl. ¶¶ 29-30, 86); (3) the arrest and/or conviction of Steffon Lamont Josey, Shaneen Allen, Justin Brey, and Brian Aitken based on violations of New Jersey's gun control laws (*id.* ¶ 54); and (4) "Governor Christie order[ing] the Attorney General of New Jersey to file a brief requesting the U.S. Supreme Court abrogate Article III of the Constitution requesting the S[upreme] C[ourt] not to hear any challenge to New Jersey's '*handgun-carry restrictions*'" (*id.* ¶¶ 5, 38).

Additionally, Plaintiff alleges that before filing this lawsuit he sent correspondence to Governor Christie "requesting [that] he issue an Executive Order to rectify and/or nullify all unconstitutional legislation, regulations and administrative restrictions that have been imposed by

---

[4] Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Here, Plaintiff's Complaint does not contain a short and plain statement of his claims. Instead, Plaintiff's Complaint is lengthy (forty-seven pages, with an additional nineteen exhibits totaling one hundred thirty-one pages), difficult to follow, and replete with unnecessary legal citations and analysis.

3

officials of the State of New Jersey and/or signed by him that abrogates a guaranteed civil right to '*bear arms.*'" (*Id.* ¶ 33.) Moreover, Plaintiff alleges that while he holds two concealed carry permits that are recognized in approximately forty states, if he is stopped in New Jersey and his ammunition is not separate from his firearm, he could be arrested. (*Id.* ¶ 46.) Furthermore, Plaintiff argues that citizens should be allowed to carry guns to prevent crimes because the State of New Jersey is ineffective at crime prevention. (*Id.* ¶ 100, n.6.)

In his Complaint, Plaintiff primarily challenges the State of New Jersey's alleged refusal, through its politicians, judges, and police officers, to protect citizens' Second Amendment right to bear arms. As relief, Plaintiff requests that this Court: (1) set aside N.J.S.A. 2C:58-4 and all other laws that allegedly infringe upon the Second Amendment; (2) set aside all decisions by New Jersey state courts that deny citizens a permit to carry a gun; (3) "[i]mmediately, expunge the unjust criminal records of those named above, and all those not named suffering the same unconstitutional misbehavior of those acting illegally in their official capacity in the State of New Jersey"; and (4) grant fees and costs for his legal work and research. (Compl. 15, n.3, 40.)

The Court received Plaintiff's Complaint and application to proceed *in forma pauperis* on May 26, 2015. (ECF No. 1.) On June 25, 2016, the Undersigned denied Plaintiff's application to proceed without the prepayment of fees for failure to submit an appropriate affidavit regarding his assets in support of his petition pursuant to 28 U.S.C. § 1915, and the case was terminated. (ECF No. 2.) On June 29, 2015, Plaintiff paid the filing fee, and on July 6, 2015, the Undersigned ordered the Clerk of Court to reopen the case. (ECF No. 3.) On July 6, 2015, Plaintiff's Complaint was filed and summonses were issued as to all Defendants. (ECF No. 4.) On July 14, 2015, Plaintiff submitted a document entitled "Proof of Service," signed by "Dwight Kehoe," stating that "Service of Summons was forwarded on July 13, 2015 by United States Postal Service, priority

4

mail and individually tracked. . . . . Petition was previously served on all defendants on May 26, 2015 by hand except for ten (10) defendants who were served via USPS priority mail on May 27, 2015." (ECF No. 5.) On August 3, 2015, the Municipal Defendants filed Answers to Plaintiff's Complaint. (ECF Nos. 6, 7.) On August 6, 2015, the State Defendants advised the Court that they disputed Plaintiff's representation that proper service was effectuated and indicated that they intended to file a motion to dismiss. The motions sub judice followed. Numerous informal correspondence from Plaintiff also followed, in which Plaintiff requested, inter alia, oral argument and immediate judicial intervention. (ECF Nos. 16, 27, 28, 31, 33, 35, 36, 39.)

On December 11, 2015, the Court indicated that the pending motions would be decided on the papers. (Dkt. Entry: Reset Deadlines, Dec. 11, 2015.) On December 23, 2015, Plaintiff filed a Petition for Writ of Mandamus seeking emergency relief based on the Court's denial of Plaintiff's request for oral argument and alleged "protractive delays." (ECF No. 41.) The Third Circuit denied Plaintiff's petition on January 22, 2016. *In re Purpura*, No. 15-4067, 2016 WL 279170, at *1 (3d Cir. Jan. 22, 2016). After the Third Circuit denied his petition, Plaintiff filed additional correspondence seeking an immediate decision on the pending motions. (ECF Nos. 44, 45.)

## II.   **Defendants' Motions to Dismiss**

Defendants argue that Plaintiff's Complaint should be dismissed for lack of Article III standing to sue on his own behalf because Plaintiff has not been deprived of a federally protected right sufficient to constitute an injury-in-fact and for lack of Article III standing to sue on behalf of third parties because Plaintiff does not enjoy a special relationship with the third parties mentioned in the Complaint or allege that they cannot protect their own interests.[5] (State Defs.'

---

[5] Defendants make additional arguments regarding lack of personal jurisdiction due to insufficient service of process, immunity concerns, and failure to state a claim. Because the Court dismisses this action due to lack of subject matter jurisdiction, it does not need to reach these additional

Moving Br. 10, ECF No. 25.) In opposition, Plaintiff argues that "[a]ny violation of the Constitution grants automatic standing," and that he "is merely acting as a spokesperson for thousands of members in an organization he belongs to" and "hundreds of thousands of other citizens throughout the State of New Jersey who have had no voice or means to be unburdened by illegal legislation and enforcement." (Pl.'s Opp'n Br. 10-11, ECF No. 29.)

### A.   Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), a case may be dismissed for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "The concept of standing is drawn directly from Article III, Section 2 of the Constitution . . . [and] goes to the very heart of a court's subject matter jurisdiction." *In re Franklin Mut. Funds Fee Litig.*, 388 F. Supp. 2d 451, 460 (D.N.J. 2005) (internal citation omitted). "A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). When subject matter jurisdiction is challenged under this rule the plaintiff bears the burden of persuasion. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). To establish Article III standing, a plaintiff must demonstrate that: (1) he is under threat of suffering injury-in-fact that is both "concrete and particularized" and "actual and imminent"; (2) the threat is "fairly traceable to the challenged action of the defendant"; and (3) it is "likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). These three elements constitute "the irreducible constitutional minimum" of Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). An injury-in-fact is "an invasion of a legally protected interest" that is "concrete

---

arguments. The Court, however, cautions Plaintiff that if he chooses to file an amended complaint, he must comply with all Federal Rules of Civil Procedure and Local Civil Rules, including the service requirements under Rule 4 of the Federal Rules of Civil Procedure.

6

and particularized." *Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 762-63 (3d Cir. 2009) (quoting *Lujan*, 504 U.S. at 560). This is because Article III "limit[s] access to the federal courts to those litigants best suited to assert a particular claim." *The Pitt News v. Fisher*, 215 F.3d 354, 362 (3d Cir. 2000).

A motion under Rule 12(b)(1) can be facial, i.e., it attacks the complaint as deficient on its face, or it can be factual, i.e., it attacks the existence of subject matter jurisdiction in fact. *Id.* "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff. In reviewing a factual attack, the court may consider evidence outside the pleadings." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Standing is a threshold jurisdictional requirement that must be addressed before turning to the merits of the case. *See Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 117 (3d Cir. 1997).

### A.   Analysis

Defendants in this case make a facial attack on the Court's subject matter jurisdiction, and thus, the Court may look only at the allegations of the Complaint and the exhibits attached thereto. In his Complaint, Plaintiff asserts that N.J.S.A. 2C:58-4 violates his Second Amendment right to carry a concealed weapon, and thus, he has been deprived of his federally-protected rights under 42 U.S.C. §§ 1983, 1985, and 1986.

The Court has combed through Plaintiff's forty-seven page[6], 143-paragraph Complaint, with references to over fifty cases, quotations from many of those cases, extensive legal argument, and at least eleven requests for "Judicial Notice" or "Special Judicial Notice," and can distill only several allegations that relate or conceivably relate specifically to Plaintiff. (*See generally* Compl.)

---

[6] The Court notes that the Complaint skipped from page 38 to 40 and did not contain a page 39.

The only factual allegation Plaintiff asserts in his Complaint with respect to himself is that he has two gun permits recognized by approximately forty states. Beyond that, Plaintiff raises a hypothetical scenario. One of Plaintiff's requests for "Special Judicial Notice" provides:

> <u>Petitioner holds two Concealed Carry Permits</u> recognized in approximately 40 States in the Union, see (Exhibit 9). Yet, if Petitioner leaves his home with a firearm on his way to the shooting range and is stopped for any reason, [and] the officer thereafter notices Petitioner is wearing his entrance tag to a shooting range and question[s] whether he is transporting firearms [sic]. One mistake in storage, or if his ammunition is not separate from his firearm according to New Jersey's *de facto* firearms laws he can and will be arrested and charged as [a] criminal, be convicted and subjected to mandatory confinement for no less than 3-½ to 10 years (Grave[s] Act) without parole. Thereafter, a felon for life!

(*Id.* ¶ 46 (emphasis in original).)

Plaintiff's hypothetical scenario requires multiple different actions to occur, both by himself and the police, which would ultimately lead to Plaintiff's alleged arrest and conviction. Plaintiff, however, has not asserted that he has applied for, and been denied, a permit in New Jersey, or that he has been threatened with prosecution, or that prosecution is likely.[7] Accordingly, Plaintiff has failed to allege an injury-in-fact for standing purposes, and thus, he does not allege a dispute susceptible to resolution by a federal court. Moreover, because Plaintiff has failed to assert that he, himself suffered some threatened or actual injury resulting in the putatively illegal action, Plaintiff does not have standing to assert the legal rights of third parties. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975).

---

[7] Additionally, the Court is concerned that Plaintiff may not have asserted a federally protected right in his Complaint, to the extent his claim is based on the alleged unconstitutional nature of N.J.S.A. 2C:58-4, because the Third Circuit held that this provision is constitutional. *See Drake*, 724 F.3d at 426 (holding that the requirement that applicants demonstrate a "justifiable need" to publicly carry a handgun for self-defense qualified as a "presumptively lawful," "longstanding" regulation and therefore did not burden conduct within the scope of the Second Amendment's guarantee).

### III. Plaintiff's Motions for Default Judgment and Summary Judgment

Plaintiff moves for default judgment against the State Defendants, the Federal Defendant, and Judge Aldisert (ECF No. 11), and moves for summary judgment as to the Municipal Defendants (ECF No. 17).

"[A] federal court can't assume a plaintiff has demonstrated Article III standing in order to proceed to the merits of the underlying claim, regardless of the claim's significance." *Colo. Outfitters v. Hickenlooper*, -- F.3d --, Nos. 14-1290, 14-1292, 2016 WL 1105363, at *2 (10th Cir. Mar. 22, 2016) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). Since Plaintiff failed to establish standing, the Court may proceed no further. Accordingly, Plaintiff's motions for default judgment and summary judgment are denied as moot.

### IV. Conclusion

For the reasons set forth above, Defendants' motions to dismiss Plaintiff's Complaint are granted, and Plaintiff's motions for default judgment and summary judgment are denied. An order consistent with this Memorandum Opinion will be entered.

                                                         s/ Michael A. Shipp
                                                      MICHAEL A. SHIPP
                                                     UNITED STATES DISTRICT JUDGE

**Dated:** March 31, 2016