NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICHOLAS E. PURPURA,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>GOVERNOR CHRIS CHRISTIE, et al.,<br><br>　　　　　　Defendants. | Civil Action No. 15-3534 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on pro se Plaintiff Nicholas E. Purpura's ("Plaintiff")

"Motion to Recall and Vacate in Lieu of Amended Complaint" of the Court's March 31, 2016

Opinion and Order (ECF Nos. 47, 48) dismissing Plaintiff's Complaint without prejudice and

providing him leave to file an amended complaint by April 29, 2016 that complies with Rule 8(a)

of the Federal Rules of Civil Procedure.[1]  (ECF Nos. 49, 50.)  Defendants filed opposition (ECF

---

[1] Plaintiff also filed informal correspondence requesting that the Undersigned recuse himself if he "cannot be impartial and adhere to the FRCP and uphold the Bill of Rights." (ECF No. 55.) As this was not a formal motion, the Court will not decide it as such, especially in light of Plaintiff's contradictory statements in later filed correspondence that "Plaintiff wishes to make it perfectly clear that the suggested collusion *was not assigned to Your Honor*." (ECF No. 58.)  The Undersigned is impartial in this matter and will not recuse himself.  If Plaintiff believes differently, however, Plaintiff may file a formal motion for recusal.  Additionally, because Plaintiff is proceeding pro se, the Court has not felt it appropriate or necessary to address every violation of the Federal Rules of Civil Procedure nor point out every instance Plaintiff misinterprets or misapplies the Federal Rules of Civil Procedure.  Going forward, however, noting Plaintiff's concern, the Court will attempt to do so when appropriate and time permits.

Moreover, in that light, Plaintiff filed a "Motion to Recall and Vacate in Lieu of Amended Complaint."  Plaintiff, however, failed to assert under what rule or law he was moving pursuant to.  From a review of Plaintiff's motion, the Court interprets the motion as one for reconsideration

No. 56), and Plaintiff replied[2] (ECF No. 57). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1.[3]

Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent manifest injustice. *See id.* A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l v. Greate Bay Hotel and Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

In his twenty-five page, single spaced motion, Plaintiff sets forth numerous arguments that essentially state that the Court's previous opinion was incorrect because it did not address the substance of Plaintiff's claims. Specifically, on reply, Plaintiff argues:

---

of the Court's March 31, 2016 Opinion and Order pursuant to Local Civil Rule 7.1(i) and will address it as such.

[2] Pursuant to Local Civil Rule 7.1(d)(3), reply briefs are not proper on a motion for reconsideration. The Court, however, will consider Plaintiff's reply brief as Plaintiff is proceeding pro se and Defendants have not moved to strike the filing.

[3] Plaintiff requested oral argument on the motion sub judice (ECF No. 52), which this Court denied, stating the motion "will be decided on the papers" (ECF No. 53).

> Defense claims Fed. R. Civ. P. 12(b)(1) mistakenly argues that
> "*Court lacks subject matter jurisdiction*". Their rationale is rooted
> in the fact that the Plaintiff failed to allege an "injury-in-fact" for
> standing purposes." This argument is patently wrong and was fully
> addressed in the "Recall and Vacate motion"!

(Pl.'s Reply Br. 2, ECF No. 57.)

A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. Here, Plaintiff is merely asking this Court to rethink what it has already thought through. As this Court already stated, "a motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). Accordingly, pursuant to Rule 12(b)(1), this Court dismissed Plaintiff's Complaint and provided him leave to amend, finding that Plaintiff failed to allege an injury-in-fact for standing purposes, and thus, did not allege a dispute susceptible to resolution by a federal court. Therefore, as this Court does not have jurisdiction over Plaintiff's claim, the Court determined that it could not reach the merits of those claims. Plaintiff has failed to proffer any change in law or persuasive argument that the Court has committed a clear error of law that requires correction.

Therefore, Plaintiff's motion for reconsideration is denied. An order consistent with this Memorandum Opinion will be entered.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** July 5, 2016

3